24 C.C.P.A. (Patents)

RYERSON v. McCURLEY.
Patent Appeals No. 3771.

Court of Customs and Patent Appeals.
March 22, 1937.

G. Frank Langford and F. Townsend I. Beaman, both of Jackson, Mich., for appellant.

Bacon & Thomas, of Washington, D. C., and Barnes & Kisselle, of Detroit, Mich. (Francis D. Thomas, of Washington, D. C., and Stuart C. Barnes and John M. Kisselle, both of Detroit, Mich., of counsel), for appellee.

Before GRAHAM, Presiding Judge, and BLAND, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

Creighton W. Ryerson has here appealed from the decision of the Board of Appeals of the United States Patent Office, affirming that of the Examiner of Interferences, awarding priority of invention of the three counts involved to the party Charles McCurley.

The invention involved in the counts relates to spare tire covers or protectors. The cover is formed with a circular front member for covering the front face and a portion of the periphery of the tire, a circular rear cover member for covering the remainder of the periphery, the two cover members having interfitting edges which meet at substantially the median plane of the tire, extensible and contractible clips or fastening members carried by and spaced around one of the cover members, a portion of each of said clip members being so formed as to fit over an inner edge of the other cover member whereby to hold the two cover members together in assembled relation when the clip members are contracted.

Before the Examiner of Interferences, there were four counts, counts 1 and 2 originating in the Ryerson application and counts 3 and 4 originating in the McCurley application. The last two counts were inserted into the McCurley application about two years after the same was filed, and appellant claims that this was done after McCurley saw Ryerson's commercial structure on the market.

After claims were allowed in each application, the Primary Examiner declared an interference between the applications. Ryerson moved to dissolve on the ground that McCurley could not make any of the counts. The Primary Examiner denied the motion as to counts 1, 3, and 4, and granted the motion as to count 2. No testimony was taken and, pursuant to an order to show cause, priority was then awarded to McCurley in the subject-matter of counts 1, 3, and 4, which have been renumbered and here appear as counts 1, 2, and 3, and read as follows:

"1. In tire protectors, two ring shaped covers each adapted to surround a portion of the tire, and meeting each other at the tread thereof, a spring attached to one of said covers, a hook adapted to engage the inner edge of the other of said covers and means to connect said hook to said spring.

"2. A sheet metal tire cover comprising a circular front cover member for covering the front face and a portion of the periphery of the tire, a circular rear cover member for covering the remainder of the periphery, interfitting edges on said cover members, and extensible and contractible clip members carried by and spaced around one of said cover members, said clip members being bodily movable relative to and extending transversely of the cover and the ends thereof being shaped when the clip members are extended to grasp and fit around an inner edge of the other cover member whereby to hold the same in assembled relation with the cover member carrying the clips when said clip members are contracted.

"3. A sheet metal tire cover comprising a circular cover member for covering the front face and a portion of the periphery of the tire, a circular cover member for covering the remainder of the periphery, interfitting axially slideable edge portions on said cover members, and longitudinally extensible and contractible clip members each having one end mounted on one of said covers for bodily movement relative thereto, said clip members extending transversely of the cover and the ends thereof being shaped to grasp and fit around an edge of the other member whereby to hold said cover members in assembled relation."

Ryerson admits that in terms the counts read on the structures of both parties, but contends that when they are read in the light of the respective structures in which they originated, the McCurley structure does not support the counts. Appellant cites authorities involving the well-settled principle that in ascertaining the meaning of language in interference counts, they should be interpreted in the light of the application in which they originate. Where the language of the count is plain and where, under the interpretation of both parties, the language reads upon both structures, there is no occasion for making application of the rule since no construction is necessary. See Ernest J. Sweetland v. Don Cole, 53 F.(2d) 709, 19 C.C.P.A. (Patents) 751, and Shultz v. Dunham, 67 F.(2d) 501, 21 C.C.P.A.(Patents) 706.

Ryerson contends that the McCurley structure is an improvement over prior art structures and that McCurley's invention

relates to a portion of his tire cover which extends around and engages a portion of the rear of the tire whereby the cover is held securely in place and against rattling, and that the McCurley invention is specially concerned with a fabric portion which is hidden by a metal member, which fabric portion is designed to hold the cover securely in place against the tire; that the counts do not mention or cover the said portion which is the real invention of Mc-Curley and that, therefore, the counts are not patentable to McCurley inasmuch as the elements of the counts do not define an operative structure when they are read upon the McCurley disclosure.

After stating the contentions of appellant, substantially as above recited, the Board of Appeals with reference to counts 1 and 2, which it regarded as illustrative, said:

"It will be noted that these counts simply call for two ring-shaped cover members each adapted to surround a portion of the tire in count 1 and similarly in count 2, a circular front cover member for covering a front face * * * and a circular rear covering member for covering the remainder of the periphery of the tire. The essential feature of these claims evidently is the manner in which these two members are connected by means of a hook and spring structure. The appellant does not argue that McCurley does not show the hook and spring construction. The sole contention is that McCurley's device if the fabric anti-rattling device 6 is omitted, would be of no use. We are not convinced by his argument and moreover the claims are clearly readable on the Mc-Curley construction. Certainly the element 2 and the element 8 of McCurley are ring-shaped cover members and may act as tire protectors and that seems to be all that is required."

The Board of Appeals affirmed the decision of the Examiner of Interferences in every particular. We thus have concurring decisions by the tribunals below. The rule, under these circumstances, is so well settled as to require no recitation here.

The sole question presented is: Were the tribunals correct in holding that McCurley could make the counts at bar. The counts read squarely on the structures of both of the parties hereto. That McCurley made his invention prior to the date upon which Ryerson made his is not questioned. If the counts were awarded to Ryerson and they read upon the Mc-Curley structure, we would have a situation where the second inventor would be prima facie the first inventor of the invention in counts which read squarely upon the latter's invention. As we view it, in this kind of proceeding, appellant having conceded that the language of the counts reads upon McCurley's structure, his argument that the counts do not contain all the elements which would make the McCurley structure an operative one is irrelevant and without merit.

The decision of the Board of Appeals is affirmed.

Affirmed.

HATFIELD, Associate Judge, did not participate in this decision.